# Rossbach, Appellant, v. Beebe.

*Referee—Findings of fact—Evidence—Sale—Fraud.*

A referee's findings of fact that representations made at a sale were not fraudulent but in good faith, which findings are approved by the court below, will not be reversed by the appellate court in the absence of manifest error.

Argued Jan. 23, 1903. Appeal, No. 174, Jan. T., 1902, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T. 1890, Nos. 782 and 788, overruling exceptions to auditor's report in case of Jacob Rossbach and Leopold Rossbach, trading as J. H. Rossbach & Company, v. Marcus Beebe and Junius Beebe, trading as Beebe & Sons. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to report of Thomas B. Price, Esq., referee.

From the record it appeared that the form of proceeding was a sheriff's interpleader to test title to certain skins and hides. The question at issue was whether the skins and hides had been sold by the plaintiffs to one Albert A. Guigues, on representations by the latter alleged to be false. The case was referred to Thomas B. Price, Esq., as referee, who found as a fact that the representations were not false, and awarded a verdict in favor of the defendant.

Exceptions to the referee's report were dismissed by the court.

*Error assigned* was in dismissing exceptions to referee's report.

*Henry C. Terry*, for appellants.

*James Collins Jones*, with him *M. Hampton Todd*, for appellees.

PER CURIAM, May 4, 1903:

This is an effort to rescind a sale for fraudulent representations by the buyer, on the faith of which plaintiffs parted with their goods. But the referee found affirmatively that the rep-

resentations were not fraudulent but made in good faith, and his finding has been approved by the court. It was a question of fact depending on the weight of evidence and the credibility of witnesses. It has not been shown that there was any clear error.

Judgment affirmed.